# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| UNTED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEVE YOST <br><br> Defendant. | Case No. 2:11-cr-396-APG-PAL <br><br> **ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE** <br><br> (ECF No. 285) |

Defendant Steve Yost moves to terminate his supervised release early. ECF No. 281. The United States Attorney opposes while the Probation Office defers to me.

Modification or termination of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Mr. Yost was convicted of conspiracy to distribute methamphetamine. The organization he conspired with had a serious and significant impact on communities in Nevada. Obviously this is a crime that warrants punishment. The conditions of his supervised release have protected the public (and deterred Mr. Yost) from committing additional crimes. And supervised release appears to have helped him maintain his sobriety.

After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

I denied Mr. Yost's request for early termination one year ago. Since then, the Judicial Conference has revised the criteria I am to consider in evaluating the request. The current Guide

to Judiciary Policy, Volume 8E, Chapter 3, states that, for an offender who satisfies the minimal statutory factors, after 18 months there is a presumption in favor of early termination if the offender (1) does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 944(h)) or has not committed a sex offense or engaged in terrorism; (2) presents no identified risk of harm to the public or victims; (3) is free from any court-reported violations over a 12-month period; (4) demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) is in substantial compliance with all conditions of supervision; and (6) engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Mr. Yost has completed nearly 38 of the 48 months of supervised release he was ordered to serve. By all accounts, Mr. Yost has properly performed while on supervised release, complying with all requirements and maintaining employment and family ties. He has no reported violations and does not present a risk to the public or victims. I congratulate him on his efforts to overcome his past criminal activities and reintegrate into society.

The present circumstances justify early termination of supervised release. Therefore, Mr. Yost's motion (**ECF No. 285**) **is GRANTED.**

DATED this 8TH day of May, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE